

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Superseded by art. 29d V.C.S.*

*overruled by Meredith v. Sharp 256 S.W. 2d 876 (Civ.App. 1953 err.ref. N.R.E.)*

*see also-1251 O-560*

Honorable Tom F. Coleman, Jr.
County Attorney
Angelina County
Lufkin, Texas

Dear Sir:

Opinion No. O-2847
Re: It is mandatory that the commissioners' court of Angelina County recognizes the fact that Lufkin is a city of more than 8,000 inhabitants and provide for the election or appointment of another Justice of the Peace for Precinct #1.

Your letter of October 19, 1940, requesting an opinion of this Department upon the question as is herein stated has been received.

We quote from your letter as follows:

"Article 2375 of the Revised Civil Statutes of Texas, provides 'Where there is a city of eight thousand inhabitants or more in a justice precinct, two justices of the peace shall be elected.' In Article V, Section 18, of the Constitution the same provision appears in identical words.

"The City of Lufkin, Texas, is located in Precinct number one of Angelina County. According to the Federal Census of 1940, this city contains more than 9,500 inhabitants. The city and justice precinct no. one of which it is a part has only one justice of the peace.

Honorable Tom F. Coleman, Jr., Page 2

"Under the articles cited, it is mandatory on the commissioners court of this county to recognize the fact that Lufkin is a city of more than 8,000 inhabitants and provide for the election, or to appoint, another justice of the peace for precinct no. one?

"Ordinarily where the word 'shall' is used in a statute it is construed to be mandatory, while the word may is permissive. However 'shall' statutes are sometimes considered by the courts to be directory only. This statute is construed in Williams v. Castlemen, 112 T. 193, 247 S. W. 263, but this point is not discussed.

"It is my opinion that, while the language of the statute is mandatory, due to the great discretion given the commissioners court in determining the boundaries of the precincts, and since action by the court is necessary before a justice of the peace could be elected for the second place, the statute is directory only.

"I will appreciate an opinion of the department on this question."

Section 18 of Article V of the State Constitution reads as follows:

"Each organized county in the State now or hereafter existing, shall be divided from time to time, for the convenience of the people, into precincts, not less than four and not more than eight. The present county court shall make the first division. Subsequent divisions shall be made by the commissioner's court, provided for by this Constitution. In each such precinct there shall be elected at each bi-ennial election, one Justice of the Peace and one Constable, each of whom shall hold his office for two years and until his successor shall be elected and qualified; provided that in any precinct in which there may be a city of 8,000 or more inhabitants, there shall be elected two Justices of the Peace. Each County shall in like manner be divided into four commissioners' precincts in each of which there shall be elected by the qualified voters thereof one county commissioner, who shall hold his office for two years and until his successor shall be elected and

qualified. The county commissioners so chosen with the County Judge, as presiding officer, shall compose a county commissioners court, which shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed."

The Supreme Court of Texas in the case of Williams v. Castleman, 247 S. W. 263, among other things, said:

"The commissioners court, by a valid order, having determined that there was in Justice Precinct No. 1 of Stephens County, a city of over 8,000 people upon the official announcement of such fact, and the entry of the order, the office of an additional Justice of the Peace for the precinct, created by the Constitution but awaiting the determination of fact by the Commissioners Court (the agency designated by the Constitution for such purpose), came into being, and thenceforward was an existing office. Since the office came into existence and was not filled, it was vacant. . . . The commissioners court, being the constitutional and statutory agency selected to fill vacancies had authority to fill this vacancy. State Constitution, Article V, Section 28; Revised Statutes, Article 2288. . . ."

The above mentioned case reviews and discusses the entire history of the subject of the powers and rights of the commissioners courts to create such justice precincts, change their boundaries, etc. and further holds that the commissioners court has the right and authority to determine the population of a city or precinct without relying upon or taking into consideration the last preceding Federal Census.

Commissioners court of each county is required by statute to lay off the county into justice court precincts, not less than four nor more than eight in number, and just as in the case of commissioners precincts, the commissioners court has power to re-decide the boundaries from time to time as convenience may dictate. The commissioners court has discretionary power also in determining whether the boundaries of an existing precinct are convenient within the meaning of the statute, and is not bound to accept the latest census enumeration as determining whether a city within any proposed precinct has a population of 8,000 or more. Tex. Jur. Volume 26, page 792.

Honorable Tom F. Coleman, Jr., Page 4

In each precinct of an organized county, the election of a Justice of the Peace (or two Justices in each precinct in which there may be a city of 8,000 or more inhabitants) at each bi-ennial period is ordained by the Constitution and statutes above referred to.

We believe that the provisions of the Constitution above quoted and Article 2375, Vernon's Annotated Civil Statutes, providing "where there is a city of 8,000 inhabitants or more in a justice precinct two Justices of the Peace shall be elected" is mandatory and cannot agree with your conclusion that these provisions are directory only. Therefore, you are respectfully advised that it is the opinion of this Department that where a city is located in a justice precinct and has a population of 8,000 inhabitants or more as shown by the last preceding Federal census, as in the instant case, it is mandatory that the commissioners court appoint another Justice of the Peace for such precinct, unless the commissioners should determine and find as a matter of fact that since the first day of April, 1940, the date as of which the last Federal Census was taken, the population of the city had decreased and has now a population of less than 8,000 inhabitants.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

AW:BBB

APPROVED OCT 30, 1940

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY